**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HU-FRIEDY MFG. CO., INC., | |
| Plaintiff, | |
| v. | Case No.  10 cv 03956 |
| GERALD BACKE, INTEGRA LIFESCIENCES CORP., and MILTEX, INC., | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Integra LifeSciences Corp. and Miltex, Inc. (collectively "Defendants") hereby submit the following opposition to Plaintiff Hu-Friedy Mfg. Co., Inc.'s ("HFMC Inc.") Motion to Remand.[1]

**I.      Background**

1.      HFMC Inc. filed its Verified Complaint for Injunctive and Other Relief ("Complaint") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, on June 2, 2010.  [Dkt. 4-1.]

2.      Paragraph 1 of the Complaint asserts that the HFMC Inc. is "a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 3232 N. Rockwell Ave., Chicago, Illinois 60618."  [Dkt 4-1.]

3.      The Complaint alleges that Defendant Gerald Backe breached the terms of an employment agreement with HFMC Inc., and Defendants tortiously interfered with that same agreement. [Dkt. 4-1.]

---

[1] To date, HFMC Inc. has not served the Complaint and summons on Defendant Gerald Backe and, therefore, he has not joined this Opposition.

4.      The Complaint filed with the Court included an unsigned "Verification by Certification."   HFMC Inc. subsequently filed a Motion to Substitute Verification by Certification, executed by Claude Brown, a Vice President of HFMC Inc.  In the motion, counsel for HFMC Inc. represented that "Clause [sic] Brown, a Vice President at Hu-Friedy, reviewed the Verified Complaint and confirmed that he could certify that the statements set forth in the Verified Complaint are true and correct . . . .", and Mr. Brown's Verification by Certification attests to the same. [Dkt 4.]

5.      On June 7, 2010, HFMC Inc. served the Complaint and summons on Defendant Integra LifeSciences Corp, and on June 24, 2010, it served the Complaint and summons on Defendant Miltex, Inc.  [Ex. A.]

6.      To date, HFMC Inc. has not served Defendant Gerald Backe. [Ex. A.]

7.      Relying upon the verified representations made in the Complaint regarding the identity of the plaintiff entity and its place of incorporation and principal place of business, on June 25, 2010, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1332 on the basis of complete diversity of the parties and an amount in controversy in excess of $75,000. [Dkt 4-1.]

8.      On the morning of June 28, 2010, counsel for HFMC Inc. sent an email to counsel for Defendants attaching a copy of what purports to be a filing with the Office of the Secretary of State and a partial copy of an Agreement and Plan of Merger, copies of which were attached to HFMC Inc.'s Motion to Remand.[2] [Ex. A; Dkt 10-1.]

9.      According to those documents, on or before May 27, 2010, <u>before the Complaint was filed</u>, HFMC Inc., the party to the contract that is at the root of this case, merged with

---

[2] Similar to the copy filed with the Court, the Agreement and Plan of Merge sent by e-mail to Defendants' counsel did not include a signature page.

another entity – Hu-Friedy Mfg. Co., LLC, ("HFMC LLC") a limited liability company organized under the laws of Delaware, with the resulting organization being HFMC LLC. [Dkt. 10-1.] Thus, by no later than May 27, 2010, HFMC Inc. ceased to exist. Despite the fact that it no longer existed, a lawsuit, purportedly brought on behalf of HFMC, Inc. was filed a week later, on June 2, 2010.

10.     In a telephone conversation on June 28, 2010, counsel for HFMC Inc. requested that Defendants agree to withdraw their Notice of Removal and remand the case to the Circuit Court of Cook County on the basis that HFMC LLC is or should be the true plaintiff and, therefore, there is no diversity jurisdiction, despite the verified representations made by HFMC Inc. in the Complaint. [Ex. A.]

11.     Based on a number of concerns, detailed below, counsel for Defendants denied the request.[3] [Ex. A.]

12.     Later that day, HFMC Inc. (an entity that supposedly no longer exists) filed the instant Motion to Remand.

## II.     Remand Is Improper Under The Circumstances

13.     On June 2, 2010, HFMC Inc., the entity that is party to the agreement that is at the heart of this case, filed a Complaint attesting to the fact that it is an Illinois Corporation.

14.     In reliance upon the representations made by HFMC Inc. in its Complaint, Defendants properly removed this action to this Court on the basis of complete diversity.

15.     Despite the fact that HFMC Inc. has never sought to amend its Complaint, substitute the proper party plaintiff or otherwise correct this fundamental error in pleading,

---

[3] At no time during that or any conversation did counsel for Defendants accuse counsel for HFMC Inc. of fraud. [Ex. A.]

HFMC Inc. now seeks to remand the action to the Circuit Court of Cook County on the basis that the wrong plaintiff filed suit.

16.     Although in its Motion to Remand, HFMC Inc. asserts that the error in filing suit on behalf of the improper plaintiff is a "simple oversight", it fails to make any attempt to remedy this error. Filing suit on behalf of the incorrect plaintiff (particularly one that ceased to exist prior to the filing of the Complaint) certainly is not a "simple oversight" that can be overlooked or ignored, as HFMC Inc. suggests.

17.     HFMC Inc. (the admitted improper plaintiff) now seeks to remand the case to the Circuit Court of Cook County, effectively asking the Court to ignore the Complaint (the allegations setting forth HFMC Inc. as the plaintiff and the allegations regarding HFMC Inc.'s place of incorporation and its role as party to the contract in question in this case) and, instead, accept as true the allegations contained in its Motion to Remand and accompanying exhibits – that the real plaintiff is or should be HFMC LLC, a Delaware limited liability company.

18.     HFMC Inc.'s attempt to remand the case by disavowing itself of its own Complaint is improper and should be rejected by this Court.[4] If HFMC Inc. seeks remand on the premise that this case was filed by the wrong plaintiff, then HFMC Inc. must correct that error before proceeding.

19.     Further, HFMC Inc.'s request, pursuant to 28 U.S.C. § 1447(c), for the costs and expenses incurred as a result of the removal is remarkable given that: (1) removal was absolutely proper based on the allegations of the verified Complaint; and (2) the Motion to Remand is premised on HFMC Inc.'s own error in filing suit on behalf of the wrong plaintiff. HFMC Inc.'s

---

[4] Given HFMC Inc.'s representation that HFMC LLC is the proper party plaintiff and that HFMC Inc. no longer exists, it is questionable whether HFMC Inc. can even bring a motion to remand.

request should clearly be denied as the Motion to Remand is a result of its own error and not the result of anything done by Defendants.

For the foregoing reasons, Defendants Integra LifeSciences Corp. and Miltex, Inc. request that this Court deny HFMC Inc.'s Motion to Remand.

Respectfully submitted,

INTEGRA LIFESCIENCES CORP. and
MILTEX, INC.

By: */s/ Thomas F. Hurka*
        One of Their Attorneys

Michael J. Ossip (*pro hac vice pending*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5000

Thomas F. Hurka
Stephanie L. Sweitzer
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr.
Fifth Floor
Chicago, IL 60601
312.324.1741

Dated: June 29, 2010

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas F. Hurka, an attorney, certify the foregoing Defendants' Opposition to Plaintiff's Motion to Remand was filed on June 29, 2010 with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Bonita L. Stone
Jeffrey L. Rudd
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5200
bonita.stone@kattenlaw.com
jeffrey.rudd@kattenlaw.com

*/s/ Thomas F. Hurka*
Thomas F. Hurka
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Fifth Floor
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
thurka@morganlewis.com

DB1/65109356.2